## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY, KANSAS

| | |
|---|---|
| RITA ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff, RITA ROSE, by and through counsel, William L. Barr, Jr. of Bull Attorneys, P.A., for her claims against Defendant, WALMART, INC. (WALMART), alleges and states:

1. Plaintiff, RITA ROSE, is a citizen of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, WALMART, INC. (WALMART), is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of Arkansas, a State other than Kansas where the Plaintiff is a citizen. Defendant, WALMART, is a corporation that maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, Inc. located at 112 S.W. 7th Street, Suite 3C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. Prior to and on May 15, 2021 Defendant, WALMART, was in the business of owning and

1

operating retail discount stores in Kansas and throughout the United States.

6. Prior to and on May 15, 2021 Defendant, WALMART, owned, maintained and operated a retail store know as a supercenter at 2900 S. 9th St. Salina, Kansas 67401.

7. On May 15, 2021 Plaintiff, RITA ROSE, was shopping as a business invitee at the above-mentioned store owned by Defendant, WALMART, and was at all times herein relevant in the exercise of reasonable care for her own safety.

8. Prior to and on May 15, 2021 a soft drink cooler near the store's self-check-out register #30 had been leaking water onto the floor of the customer aisle.

9. Prior to and on May 15, 2021 water accumulated to form a puddle on the floor in front of this cooler. This accumulation of water became a slip hazard for shoppers utilizing the self-check-out area near register #30 of the supercenter store of Defendant, WALMART.

10. Prior to and on May 15, 2021 employees of Defendant, WALMART, knew that this soft drink cooler was leaking water onto the walking surface of the aisle near register #30.

11. Prior to and on May 15, 2021 Defendant, WALMART, failed to train its employees at the above-mentioned store regarding what they should do when they find water on the floor of a customer aisle in a WALMART store.

12. Prior to and on May 15, 2021 employees of Defendant, WALMART, failed to mop up, dry, barricade, guard or mark the area of the water puddle with "wet floor" caution signs.

13. On May 15, 2021 Plaintiff, RITA ROSE, was walking toward the self-check-out aisle near register #30 intending to purchase a package of sugar free cookies she was carrying.

14. At that time and place Plaintiff, RITA ROSE, was caused to slip and fall in the unmarked puddle of water near register #30 suffering serious and permanent injuries.

15. At that time and place following her fall two employees of Defendant, WALMART, argued

that the other should have placed a "wet floor" sign because they knew this could happen.

16. Based on these statements and admissions by these two employees of Defendant, WALMART, Plaintiff, RITA ROSE, learned that employees of Defendant, WALMART, knew before she slipped and fell in its customer aisle that its soft drink cooler was leaking water onto its floor and understood that this water puddle constituted a dangerous condition which its employees either chose to ignore or were not trained to remedy.

17. Prior to and at the abovementioned time and place, as well as at all times herein relevant, the actions and omissions of Defendant, WALMART, individually, or the actions and omissions of its employees or agents in the subject store were the actions and omissions of Defendant, WALMART, under the doctrines of *Respondeat Superior* and Vicarious Liability. This wrongful conduct was knowing, willful, wanton, reckless, and included:

   a) Creating a dangerous slip hazard by allowing a water puddle to form from a leak in a defective soft drink cooler placed near its self-check-out register #30;

   b) Allowing water to accumulate on the floor of a high traffic customer aisle;

   c) Failing to mark, sign or barricade a dangerous slip hazard area in its store;

   d) Allowing a dangerous slip hazard to exist in a high traffic customer aisle;

   e) Failing to remove water puddle from the floor of a high traffic area;

   f) Failing to train its employees to protect customers from known slip hazards;

   g) Failing to train its managers to inspect for dangerous slip hazards;

   h) Failing to teach its employees procedures to remedy dangerous slip hazards;

   i) Failing to warn of accumulating water on the floor surface of a customer aisle;

   j) Failing to mop up accumulating water on an aisle floor during business hours;

   k) Failing to inspect the floor surface in a customer aisle for dangerous slip hazards;

    l) Failing to place signage warning its customers of the wet condition of its floor; and

    m) Acting in a negligent and wanton manner in the operation and maintenance of its store in ways that will be disclosed during further discovery in this case.

18. As a proximate result of the disregard and utter indifference of Defendant, WALMART, to customer safety, as well as the wanton, willful actions and omissions of its employees, agents, and servants, as set forth above, Plaintiff, RITA ROSE, suffered a concussion, back injuries, pelvic injuries, right shoulder injuries and was otherwise permanently injured and damaged. For these injuries Plaintiff, RITA ROSE, has undergone medical treatment, physical therapy, suffered pain, dizziness, headaches, nausea, mental anguish, loss of time, loss of enjoyment of life, incurred medical expense, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer pain, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, RITA ROSE, prays for judgment against Defendant, WALMART, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her damages, for her costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff, RITA ROSE, prays for exemplary and punitive damages against Defendant, WALMART, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her costs incurred in bringing this action and for such other and further relief as the Court deems just and equitable.

**BULL ATTORNEYS, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
Ph: 316-684-4400 /Fax: 316-684-4405
bill@bullattorneys.com
*Attorney for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

**BULL ATTORNEYS, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr. #26775